## UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **THE BREAKERS PALM BEACH, INC.**, a Florida corporation, <br><br> Plaintiff, <br><br> **v.** <br><br> **THE BREAK, LLC**, a Rhode Island limited liability company, and **LARK HOTELS, LLC**, a Massachusetts limited liability company, <br><br> Defendants. | **CASE NO.** 14-12327 <br><br><br> **JURY TRIAL DEMANDED** |

### COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

Plaintiff, The Breakers Palm Beach, Inc. ("The Breakers" or "Plaintiff"), by and through its undersigned attorneys, alleges as its Complaint against Defendants The Break, LLC ("The Break") and Lark Hotels, LLC ("Lark Hotels") (collectively, "Defendants") as follows:

### NATURE OF THE ACTION

1.     This is an action for trademark infringement and unfair competition under the Trademark Act of 1946 (the "Lanham Act"), 15 U.S.C. §§ 1114(1), 1125 (a) and (c), unfair trade practices under Mass. Gen. Laws ch. 93A, §§ 2 and 11, and the common law of the State of Rhode Island.  The Plaintiff owns and operates the world-renowned THE BREAKERS ocean-front resort in Palm Beach, Florida.  To distinguish its resort services, and related goods and merchandise it sells, the Plaintiff owns and utilizes a number of federal trademark registrations for its mark THE BREAKERS.  This action arises out of Defendants' unauthorized current and planned continued use of the confusingly similar name THE BREAK to advertise and promote

services at a hotel scheduled to open in June 2014.   In this action, The Breakers seeks preliminary and permanent injunctive relief and damages against Defendants The Break and Lark Hotels, in order to prevent further infringement of its valuable mark and the irreparable harm that such infringement will cause.

## PARTIES

2.      Plaintiff The Breakers is a corporation organized and existing under the laws of the State of Florida, with its principal place of business at One South County Road, Palm Beach, Florida 33480.   Plaintiff owns and operates a world-renowned ocean-front resort providing, hotel, restaurant, bar, recreation and retail services located at One South County Road, Palm Beach, Florida 33480 under the federally registered THE BREAKERS mark.

3.      Upon information and belief, Defendant The Break is a limited liability company organized and existing under the laws of the State of Rhode Island, with its principal place of business at 815 Point Judith Road, Narragansett, Rhode Island 02882.   Upon information and belief, The Break owns and operates, or imminently will operate, a beachfront property providing hotel, restaurant and bar services located at 1208 Ocean Road, Narragansett, Rhode Island 02882 under the trade name THE BREAK ("THE BREAK Mark").

4.      Upon information and belief, Defendant Lark Hotels is a limited liability company organized and existing under the laws of the Commonwealth of Massachusetts, with its principal place of business at 3 Old Ferry Road, Newburyport, Massachusetts 01950.   Lark Hotels promotes and advertises THE BREAK hotel along with a group of hotels it holds out as affiliated with itself and each other on its web site www.larkhotels.com.

## JURISDICTION AND VENUE

5.      This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 because Counts I and II of this Complaint arise under the laws of the United States.  This Court has supplemental jurisdiction of the remaining closely related counts arising under Massachusetts and Rhode Island law pursuant to 28 U.S.C. § 1367(a).

6.      This Court has personal jurisdiction over Defendant The Break because, upon information and belief, The Break has contracted with a Massachusetts company, Lark Hotels, for, at a minimum, the promotion and advertisement in Massachusetts of The Break's hotel services utilizing the infringing mark.

7.      This Court has personal jurisdiction over Defendant Lark Hotels because, upon information and belief, Lark Hotels is organized under the laws of, and has a principal place of business in, the Commonwealth of Massachusetts.

8.      Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and/or 1391(c) because Defendants reside and/or do business, and are subject to personal jurisdiction in this District.  Further, a substantial part of the events giving rise to Plaintiff's claims have occurred and/or will occur in the District of Massachusetts.

## FACTS

**A.    Plaintiff's THE BREAKERS Mark**

9.      The Breakers has built and enjoys a reputation as a premier provider of luxury resort services.

10.     The Breakers owns and operates the successful, internationally recognized destination resort THE BREAKERS in Palm Beach, Florida.    The Breakers provides hotel

services and related amenities including restaurant, bar, retail and recreation services to guests from all over the United States and internationally.

11.     Plaintiff has continuously used THE BREAKERS mark in commerce in connection with its resort hotel services since at least as early as 1901.

12.     THE BREAKERS mark is prominently featured on Plaintiff's premises, website, promotional and advertising materials, and other materials.

13.     The Breakers is the owner of the following valid, subsisting U.S. trademark registrations for marks including THE BREAKERS:

    a.     U.S. Service Mark Registration No. 1578368 for THE BREAKERS for "hotel services" in International Class 42 registered on January 16, 1990;

    b.     U.S. Service Mark Registration No. 1638705 for THE BREAKERS for "restaurant services" in International Class 42 registered on March 19, 1991;

    c.     U.S. Service Mark Registration No. 1770506 for THE BREAKERS for "recreation and sporting services; namely, swimming, golf, tennis, croquet, bicycling, volleyball, shuffleboard, beach sports, and health club services" in International Class 41 registered on May 11, 1993;

    d.     U.S. Service Mark Registration No. 2191880 for THE BREAKERS NEWS & GOURMET for "retail store services, featuring gourmet food items, news publications and books, and gifts and collectibles" in International Class 35 registered on September 29, 1998;

    e.     U.S. Service Mark Registration No. 2755733 for THE SPA AT THE BREAKERS for "health spa services, namely, cosmetic body care services" in International Class 44 registered on August 26, 2003;

f.      U.S. Trademark Registration No. 3075874 for THE BREAKERS for "letter openers; books featuring information about hotel and resorts services; stationery; pictures; paper coasters; note pads; bookmarks; desktop business card holders" in International Class 16; "T-shirts; polo shirts; sweat shirts; shorts; dresses; robes; hats; visors" in International Class 25; and "golf bag tags; golf putters; golf balls; Christmas tree ornaments; puzzles; playing cards" in International Class 28 registered on April 4, 2006;

g.      U.S. Service Mark Registration No. 3604133 for MIX AT THE BREAKERS for "retail stores featuring jewelry, watches, hair accessories, and handbags" in International Class 35 registered on April 7, 2009; and

h.      U.S. Service Mark Registration No. 4109128 for MATCH AT THE BREAKERS for "retail store services featuring shoes" in International Class 35 registered on March 6, 2012.

Copies of Plaintiff's trademark registrations are attached hereto as Exhibit 1 and are incorporated herein by reference.   The foregoing, together with The Breakers' common law use of the mark(s), are collectively referred to as "THE BREAKERS Marks."

14.    Consistent with its trademark registrations, The Breakers has provided and continues to provide hotel services, restaurant services, recreation and sporting services, retail store services, health spa services, and various branded clothing and other goods both on its resort premises and/or at off-site restaurant and bar locations, utilizing THE BREAKERS Marks.

15.    The Breakers' extensively promotes its goods and services using THE BREAKERS Marks through a variety of trade channels, including the Internet through its website at THEBREAKERS.COM and social media, travel agents, travel booking systems,

directory listings, chambers of commerce, and magazine and newspaper publications distributed nationwide and internationally.

16.     The Breakers hosts and provides its services to thousands of guests from throughout the United States, including the Commonwealth of Massachusetts, and throughout the world.

17.     Significant amounts of time, effort and money have been devoted to advertising, promoting, marketing and developing THE BREAKERS Marks and to assuring the provision of only high quality services and goods thereunder.

18.     The Breakers exercises high quality control standards over use of THE BREAKERS Marks to insure that the services, amenities and goods associated with those THE BREAKERS Marks are of the highest quality and regard.  Accordingly, Plaintiff's services and goods utilizing THE BREAKERS Marks have a reputation for being of the highest quality in the United States and throughout the world.  Plaintiff's resort services and related goods provided under THE BREAKERS Marks brand have consistently high reviews and wide popularity in the United States and abroad.

19.     As a result of extensive marketing and promotional efforts, the public has come to exclusively associate THE BREAKERS Marks with the Plaintiff and the services and goods sold by the Plaintiff.

20.     The extraordinary and longstanding sales success of THE BREAKERS resort over many years has fostered wide renown with the trade and consuming public.

21.     THE BREAKERS Marks have acquired and maintained outstanding celebrity and fame among the public – symbolizing the substantial and material goodwill that Plaintiff has

created and fostered for THE BREAKERS Marks throughout the United States and internationally.

22.     THE BREAKERS Marks became famous prior to the Defendants' infringing conduct giving rise to this lawsuit.

**B.     Defendants' Violation of Plaintiff's Intellectual Property and Unfair Competition**

23.     Upon information and belief, Defendant Lark Hotels owns, operates, and/or markets a chain of hotels in New England.

24.     Upon information and belief, Defendant The Break has contracted with Lark Hotels to promote and advertise the opening of a hotel named THE BREAK located at 1208 Ocean Road, Narragansett, Rhode Island 02882.

25.     Upon information and belief, Defendants have begun and will continue to advertise and promote their services to the public, and Defendants are currently taking reservations for stays at The Break hotel beginning in June 2014.

26.     Copies of representative samples of the Defendants' infringing use of THE BREAK Mark via their websites at larkhotels.com and THEBREAKHOTEL.COM are attached hereto as Exhibits 2 and 3, respectively, are incorporated herein by reference.

27.     Upon information and belief, the planned opening date for THE BREAK hotel will be June 2014.

28.     Defendants' services in connection with THE BREAK hotel, and their use of the infringing THE BREAK Mark, are and will continue to be in interstate commerce.

29.     Defendants target the same prospective customers and promote their services through the same channels of trade as The Breakers, including websites, social media and national and local advertising media.

30.     Upon information and belief, Defendants' services offered and to be offered utilizing THE BREAK Mark include hotel services, restaurant services and bar services.

31.     On March 25, 2013, The Break filed U.S. Trademark Application Serial No. 85/885,937 seeking registration of THE BREAK Mark in connection with "Hotel services; Resort hotel services; Restaurant and hotel services."

32.     Upon information and belief, The Break does not have prior experience in hotel operations and this will be its first hotel business.

33.     Defendants' THE BREAK mark is materially similar and virtually identical in appearance, sound and connotation to Plaintiff's THE BREAKERS Marks, creating the same and/or confusingly similar commercial impression.

34.     The first eight letters of Plaintiff's and The Break's marks are identical; and THE BREAK Mark utilizes the principal portion of Plaintiff's THE BREAKERS Marks.

35.     Plaintiff's THE BREAKERS Marks connote a wave that breaks and they are suggestive of the beaches and water-oriented activities at or near Plaintiff's oceanfront resort. Similarly, the infringing THE BREAK Mark connotes the break of a wave and is suggestive of the beaches and water-oriented activities at or near The Break hotel.

36.     Defendants' use of THE BREAK Mark is without The Breakers' permission or consent.

37.     Defendants' adoption and use of the confusingly similar THE BREAK Mark gives rise to a likelihood of consumer confusion as to source, sponsorship, relationship and/or affiliation as between Defendants and The Breakers and the Defendants are violating Plaintiff's longstanding and extensive intellectual property rights in its THE BREAKERS Marks.

38.     Defendants' use of and attempt to register the confusingly similar THE BREAK Mark will weaken and dilute the distinctive nature of Plaintiff's THE BREAKERS Marks.

39.     Defendants' use of and attempt to register THE BREAK Mark is now causing, and will continue to cause, irreparable harm, damage and injury to The Breakers.

40.     Defendants' use of and attempt to register THE BREAK Mark has and will continue to cause confusion, deception, harm and injury to the public.

**C.      Defendants' Willful Misappropriation of Plaintiffs' Intellectual Property**

41.     Defendants have adopted, are using, and plan to continue using the infringing THE BREAK Mark with the intent and purpose of trading on the extensive goodwill built up by Plaintiff in the federally registered THE BREAKERS Marks and to reap the benefits of years of effort and investment by Plaintiff to create high public recognition and regard for THE BREAKERS Marks and the association of those Marks with high quality hotel and resort services and related goods.

42.     Plaintiff's use of and rights in THE BREAKERS Marks were well-established long before Defendants' adoption and use of THE BREAK Mark.

43.     Upon information and belief, The Break and/or Lark Hotels had actual knowledge of The Breakers and THE BREAKERS Marks prior to adopting and using THE BREAK Mark for their hotel services.

44.     The Break and Lark Hotels also had constructive knowledge and should have known of The Breakers and THE BREAKERS Marks prior to adopting and using THE BREAK Mark, because of the publication and issuance of the U.S. Trademark Registrations comprising THE BREAKERS Marks.

45.     Despite having actual and/or constructive knowledge of Plaintiff's rights to THE BREAKERS Marks, Defendants adopted, use, and plan to continue using, the infringing THE BREAK Mark in connection with the same and/or highly similar services.

46.     Upon information and belief, none of the other hotels in the Lark Hotels chain use a trade name or mark incorporating the term THE BREAK.

47.     Defendants' willfulness is further evidenced by Defendants' failure to cease their infringing conduct despite being put on notice of  The Breakers' trademark rights.

48.     Prior to the filing of this Complaint, Plaintiff's counsel sent a letter to counsel for The Break advising it of The Breakers' trademark rights and demanding that Defendants immediately cease their illegal activities and withdraw The Break's pending U.S. Trademark Application Serial No. 85/885,937 seeking registration of THE BREAK.

49.     Defendants have failed or refused to cease their infringing activities or withdraw the pending Application.

50.     Defendants have acted in bad faith by selecting and using a confusingly similar name giving rise to the likelihood of consumer confusion as to source, sponsorship, relationship and/or affiliation with The Breakers and intentionally attempting to trade on the substantial goodwill developed in THE BREAKERS Marks within the hospitality industry and among the consuming public.

51.     Defendants' activities as complained of herein are knowing, willful and deliberate violations of The Breakers' rights.

52.     The Breakers has partial but incomplete and inadequate remedy at law, because the harm to the goodwill associated with THE BREAKERS Marks resulting from the Defendants' infringement cannot be fully quantified.  Unless the Defendants' ongoing infringing

acts are restrained and enjoined by this Court, the resulting damage to The Breakers will be substantial, continuing and irreparable.

## COUNT I

## FEDERAL TRADEMARK INFRINGEMENT

53.     Plaintiff re-alleges and incorporates the allegations of paragraphs 1 through 52 as if fully set forth herein.

54.     Defendants' activities as complained of herein constitute trademark infringement of Plaintiff's registered THE BREAKERS Marks in violation of Section 32(1) of the Lanham Act, 15 U.S.C. §1114(1).

55.     Defendants' use of the infringing THE BREAK Mark is made without Plaintiff's consent or authorization.

56.     Defendants' unauthorized use of the infringing THE BREAK mark is likely to cause confusion, mistake, or deception as to the source of Defendant's services, and the sponsorship, affiliation or approval of Defendants' services by the Plaintiff.

57.     Defendants have infringed on Plaintiff's THE BREAKERS Marks with actual and/or constructive knowledge of the long and extensive prior use of the mark by the Plaintiff.

58.     Defendants' conduct is causing immediate and irreparable injury to the Plaintiff, and to its goodwill and reputation, and will continue both to damage Plaintiff and to confuse the public unless enjoined by this Court.  Plaintiff does not have an adequate remedy at law.

## COUNT II

## FEDERAL UNFAIR COMPETITION

59.     Plaintiff re-alleges and incorporates the allegations of paragraphs 1 through 58 as if fully set forth herein.

60.     Defendants' use of the infringing THE BREAK Mark in connection with hotel services and/or restaurant and bar services is likely to cause confusion, mistake, or deception, and constitutes a false designation of origin, a false description and representation of Defendants' services and a false representation that Defendants' services are sponsored, endorsed, licensed, or authorized by, and/or affiliated or connected with the Plaintiff.

61.     Defendants have used, plan to use and/or continue to use the infringing THE BREAK Mark in connection with their services with full knowledge of the long and extensive prior use of THE BREAKERS Marks by the Plaintiff.

62.     Defendants' acts constitute unfair competition, false designation of origin, and palming off in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a)(1).

63.     Defendants' conduct has caused and will continue to cause irreparable injury to the Plaintiff unless enjoined by this Court.  Plaintiff does not have an adequate remedy at law.

## COUNT III

## INJURY TO BUSINESS REPUTATION - DILUTION

64.     Plaintiff re-alleges and incorporates the allegations of paragraphs 1 through 63 as if fully set forth herein.

65.     Plaintiff's THE BREAKERS Marks are valid marks enforceable at common law.

66.     Defendants' use of the infringing THE BREAK mark is likely to cause injury to Plaintiff's business reputation and dilute the distinctive quality of THE BREAKERS Marks.

67.     Defendants' conduct constitutes injury to business reputation and dilution in violation of Section 6-2-12 of The Rhode Island General Laws, RI Gen L § 6-2-12 (2013).

68.     Defendants' conduct has caused and will continue to cause irreparable injury to Plaintiff unless enjoined by this Court.  Plaintiff does not have an adequate remedy at law.

## COUNT IV

**COMMON LAW TRADEMARK INFRINGEMENT**

69.     Plaintiff re-alleges and incorporates the allegations of paragraphs 1 through 68 as if fully set forth herein.

70.     Plaintiff's THE BREAKERS Marks function as a source-identifier for Plaintiff's hotel and resort services, and related goods, and they are entitled to trademark protection.

71.     Defendants' use of THE BREAK is confusingly similar to Plaintiff's THE BREAKERS Marks and is likely to cause consumer confusion.

72.     Defendants' conduct constitutes trademark infringement in violation of the common laws of the State of Rhode Island.

73.     Defendants' conduct is causing immediate and irreparable injury to Plaintiff, and to its goodwill and reputation, and will continue both to damage Plaintiff and to confuse the public unless enjoined by this Court.  Plaintiff does not have an adequate remedy at law.

## COUNT V

**COMMON LAW UNFAIR COMPETITION**

74.     Plaintiff re-alleges and incorporates the allegations of paragraphs 1 through 73 as if fully set forth herein.

75.     Defendants were aware, or should have been aware, of the Plaintiff's prior use and registration of THE BREAKERS Marks, and Defendants adopted and are using THE BREAK Mark in disregard of Plaintiff's rights.

76.     Defendants' use of the infringing THE BREAK Mark is readily susceptible to customer confusion or deception and is likely to confuse or mislead the public generally to

believe they were purchasing services from the Plaintiff, or services otherwise sponsored, endorsed, licensed, authorized by and/or affiliated or connected with the Plaintiff.

77.     Defendants' conduct constitutes unfair competition in violation of the common laws of the State of Rhode Island.

78.     Defendants' conduct has caused and will continue to cause irreparable injury to the Plaintiff unless enjoined by this Court.  Plaintiff does not have an adequate remedy at law.

## COUNT VI

### UNFAIR TRADE PRACTICES UNDER MASSACHUSETTS LAW

79.     Plaintiff re-alleges and incorporates the allegations of paragraphs 1 through 78 as if fully set forth herein.

80.     At all relevant times, the Plaintiff engaged in trade or commerce as defined by Mass. Gen. Laws ch. 93A, § 1.

81.     At all relevant times, each Defendant engaged in trade or commerce as defined by Mass. Gen. Laws ch. 93A, § 1.

82.     Defendants have intentionally and/or willfully engaged in unfair and deceptive acts or practices prohibited by Mass. Gen. Laws ch. 93A, § 2, including without limitation the intentional appropriation of the valuable goodwill that the Plaintiff has created in its THE BREAKERS Marks by and through the advertisement, promotion and other use of THE BREAK Mark to sell their competing hotel and related services.

83.     As a result of Defendants' intentional and/or willful and deceptive acts and practices, the Plaintiff has lost, and will continue to lose, substantial money and property.

84.     Defendants' conduct has caused and will continue to cause irreparable injury to the Plaintiff unless enjoined by this Court.  Plaintiff does not have an adequate remedy at law.

## PRAYER FOR RELIEF

**WHEREFORE**, The Breakers requests that this Court order the following relief:

A.     Enter judgment in favor of The Breakers and against each Defendant on each Count of Plaintiff's Complaint, and award damages on each Count in an amount to be determined by a jury, or by the Court where appropriate;

B.     Award The Breakers treble, or no less than double, its damages under Count VI of this Complaint as a result of Defendants' knowing and/or intentional violation of Mass. Gen. Laws ch. 93A, § 2;

C.     Temporary, preliminary and permanent injunctions restraining and forbidding each Defendant, and all of Defendants' principals, servants, officers, directors, partners, agents, representatives, shareholders, employees, affiliates, successors and assignees and all others acting in privity, concert or participation with either Defendant, from:

(i)     using or authorizing any third party to use as a trademark, service mark, domain name, business name, trade name or symbol of origin:   THE BREAK, THE BREAKERS, any name or mark incorporating BREAK or BREAKERS, and/or any other confusingly similar variation or colorable imitation of Plaintiff's THE BREAKERS Marks in any manner or form, and/or any other name, mark, logo or trade dress owned or used by Plaintiff or any of its affiliates, on or in connection with any business, goods or services, or in the marketing, advertising and promotion of same;

(ii)     using any false designation of origin or false description or making or displaying any statement or representation which can or is likely to lead the trade or public, or individual members thereof, to mistakenly believe that

any goods or services advertised, promoted, offered or sold by either Defendant is sponsored, endorsed, connected with, approved or authorized by Plaintiff;

(iii)   causing a likelihood of confusion or injury to Plaintiff's business reputation or to the distinctiveness of THE BREAKERS Marks by any unauthorized use of the same;

(iv)   engaging in any other activity constituting unfair competition with the Plaintiff, constituting an infringement of Plaintiff's THE BREAKERS Marks, or otherwise interfering with Plaintiff's rights to use or to exploit the same;

(v)    registering or applying to register as a trademark, service mark, domain name, trade name or other source identifier or symbol of origin THE BREAK, THE BREAKERS, any name or mark incorporating BREAK or BREAKERS, or any other confusingly similar variation or colorable imitation of Plaintiff's THE BREAKERS Mark;

(vi)   assisting, aiding or abetting another person or business entity in engaging or performing any of the activities enumerated in sub-paragraphs (i)-(v) above;

D.    Enter an order requiring Defendant The Break to formally abandon with prejudice its pending Application Serial No. 85/885,937 for registration of THE BREAK Mark and any other applications to register any mark consisting of, containing, or confusingly similar to Plaintiff's THE BREAKERS Marks, either alone or in combination with other words and/or designs, and/or any name, mark, logo or trade dress owned or used by the Plaintiff or any of its

affiliates, and to voluntarily cancel with prejudice any registration that may issue from such applications during the pendency of this action;

E.       Enter an order directing the Commissioner of Patents and Trademarks to enter an abandonment with prejudice of Defendant The Break's Application Serial No. 85/885,937 for registration of THE BREAK Mark;

F.       Order an accounting by each Defendant of any profits derived in any way from Defendants' infringing acts and conduct;

G.       Award the Plaintiff prejudgment interest;

H.       Award the Plaintiff its reasonable attorney fees and its costs of the lawsuit; and

I.       Award such other and further relief as is just and proper.

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury for all issues so triable.

Respectfully submitted,

DUANE MORRIS LLP

Dated: May 30, 2014                    By: */s/ Steven M. Cowley*
                                           Steven M. Cowley  BBO #: 554534
                                           Jennifer Mikels  BBO #: 682199
                                           100 High Street, Suite 2400
                                           Boston, MA 02110-1724
                                           Phone: (857) 488-4200
                                           Fax: (857) 488-4201
                                           Email: SMCowley@duanemorris.com
                                                   JLMikels@duanemorris.com


                                           J. Rodman Steele, Jr. (*pro hac vice pending*)
                                           Florida Bar No. 356786
                                           5100 Town Center Circle, Suite 650
                                           Boca Raton, FL 33486-9000
                                           Phone: (561) 962-2121
                                           Fax: (561) 962-2101
                                           Email: JRSteele@duanemorris.com

                                           ***Attorneys for Plaintiff***
                                           ***The Breakers Palm Beach, Inc.***